# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           Case No. 24-30456

JAMES NELSON HOLLOWAY,

    Defendant.

_____/

## ORDER STRIKING DEFENDANT'S MOTION TO DISMISS (ECF No. 13) AND SETTING PROCEDURES FOR COMPETENCY HEARING

**I.**     **Defendant's Pro Se Motion to Dismiss (ECF No. 13)**

**A. Pro se representation while represented by counsel**

On January 30, 2025, the Clerk of the Court docketed a motion to dismiss filed *in pro per* by Defendant James Nelson Holloway. The Court will strike the *pro se* motion because, at the time of the filing, Defendant was represented by counsel. Thus, all filings must be made by the attorney of record.

Defendant is not entitled to represent himself while being simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel.

. . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may choose *either* to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. A person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 n.1 (E.D. Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078-79 (E.D. Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (Once counsel is appointed, prisoner has no right to assistance from inmate writer). In light of this case law, the Court will only accept motions filed by Defendant's attorney of record.

### B. Pro se representation while competency is at issue

Near the conclusion of the October 28, 2024 detention hearing, just before the Court was about to make its ruling, Defendant insisted on speaking for himself, although no formal motion was made or decided to permit his appointed counsel to

2

withdraw or to permit Defendant to represent himself. Indeed, it was at that point in the hearing, and based on the extensive comments made by Defendant in open court, that the Court developed "reasonable cause" under 18 U.S.C. § 4241 to believe that Defendant's competency may be at issue and ordered that he undergo a competency examination, which is currently pending. (ECF No. 10; ECF No. 11, PageID.35.)

From that point forward, even if Defendant had formally waived counsel, no attempt at *pro se* representation or withdrawal of counsel could be considered. This is so because the Court's determination that a competency examination is necessary arises from its finding that there is "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him *or to assist properly in his defense*." 18 U.S.C. § 4241(a) (emphasis added). And the Court made these purposes clear in its order committing Defendant to the Bureau of Prisons for his exam, directing that he be examined as to, *inter alia*, "his competency to represent himself and his competence to assist his counsel in his defense. (ECF No. 11, PageID.36.) *See United States v. Martin*, 608 Fed. App'x 340, 343 (6th Cir. 2025) ("When a criminal defendant's competency to stand trial has been challenged, the

validity of the defendant's waiver of counsel is suspended until the issue of his or her competency is resolved.") Indeed, the law requires that "the person whose mental condition is the subject" of a competency hearing "shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him…." 18 U.S.C. § 4247(d). The Court of Appeals has made clear that extensive case law on the subject "support[s] a common-sense viewpoint that a defendant cannot represent himself at his own competency hearing, the purpose of which is to determine whether a defendant understands and can participate in the proceedings in the first place." *United States v. Ross*, 703 F.3d 856, 869 (6th Cir. 2012) (collecting cases). "Thus, a trial court should 'appoint counsel − whether defendant has attempted to waive it or not − and counsel must serve until the resolution of the competency issue.'" *Id.* (quoting *United States v. Purnett*, 910 F.2d 51, 56 (2nd Cir. 1990) and citing *United States v. Zedner*, 193 F.3d 562, 567 (2nd Cir. 1999) (holding that a trial court "must hold a competency hearing and appoint counsel to serve at least through that proceeding")). *See also United States v. Hunter*, 985 F.2d 1003, 1008 (9th Cir. 1993), *vacated as moot* 1 F.3d 843 (9th Cir. 1993) (in a case where the defendant was convicted of threatening to kill the President of the United States and subsequently committed to a psychiatric facility, he "may not file a *pro se* motion for a discharge hearing").

Accordingly, **IT IS ORDERED** that Defendant's January 30, 2025 [as docketed] Motion to Dismiss (ECF No. 13) shall be **STRICKEN** from the docket of this Court. **IT IS FURTHER ORDERED** that Defendant is **PROHIBITED** from filing any future *pro se* motions until his competency is settled. Any *pro se* documents filed in contravention of this directive will be immediately stricken pursuant to this order.

## II. Procedures for competency hearing

### A. Remote proceedings by video

The Court has recently held two status conferences to schedule and discuss the upcoming competency hearing, in light of correspondence received by the Court from the warden where Defendant has been housed for his exam. Based upon the expectation that his examination report will be ready by March 14, 2025 and his counsel's trial schedule the following week, the Court has scheduled the competency examination for **March 21, 2025 at 9:30 a.m. EST**. Counsel have stipulated to having the examiner testify remotely and have made no objection to conducting the entire hearing by videoconference or Zoom technology, with Defendant appearing from whichever facility in which he is then being housed. In any case, the Court finds that this is appropriate, in lieu of a "live" hearing in the courtroom, for a number of reasons.

First, the nature of the charges − Interstate Communications of a Threat in violation of 18 U.S.C. § 875(c) and Threat to Injure a Federal Judge in violation of 18 U.S.C. § 115 − raise a concern that Defendant may be triggered to act against his own interest, health and safety, and may be particularly disruptive during an in-person hearing during which his mental status is being openly discussed. *See United States v. Baker*, 836 F. Supp. 1237, 1246 (E.D. N.C. 1993), *aff'd* 45 F.3d 837 (4th Cir. 1995), *cert. den.* 516 U.S. 872 (1995) ("Inmates involved in hearings [for civil commitment] often have 'unique vulnerabilities' that demand from the court and, in fact, from the system through which they progress, an awareness of and sensitivity to the obstacles that confront them.") Second, considering Defendant's statements, interruptions and outburst at his detention hearing, videoconferencing avoids a situation where the proceedings would have to be interrupted in order to find a more suitable way for Defendant to continue his participation. *See United States v. Hood*, 827 Fed. App'x 524, 527 (6th Cir. 2020) (court having to remove the defendant from the courtroom to watch outside on a video feed). Third, if Defendant is still awaiting or in the midst of transport from the place of examination, the use of videoconferencing would avoid the need to delay his hearing; and, if the examiner's and/or the Court's findings are such that competency is found lacking and treatment or restoration of competency is

6

required, would prevent otherwise avoidable shuttling between Lexington, Kentucky, where he has been housed, Detroit, Michigan and any facility where restorative treatment could occur (which presumably would include the facility where he currently resides or another much closer to Lexington than Detroit, *e.g.*, the one in Springfield, Missouri). *Baker*, 836 F. Supp. at 1246 ("Teleconferencing could, if properly developed and implemented, not only curtail costs and save time for counsel and other court and prison personnel, but also − more importantly − be safer and provide other benefits for inmates who otherwise would face a day of transport, strange surroundings, and disruption of medication. The system is viable, and it does not infringe on rights guaranteed … under the Constitution and laws of the United States.")

A "court will determine whether a teleconferenced hearing is appropriate under the circumstances on a case-by-case basis." *Id.* Here, for the reasons stated above, it is. As mandated by 18 U.S.C. 4241(c), a competency hearing "shall be conducted pursuant to the provisions of section 4247(d)[,]" which, in turn requires that:

> the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A

7

> [18 USCS § 3006A]. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 USCS § 4247(d). This language does not specifically require Defendant's or anyone else's bodily *presence in the courtroom* or in physical proximity to each other, and all of the "opportunities" specified in the statute can be afforded through their appearance in the videoconferencing format. As this Court noted 19 years ago in *Terrell v. United States*, No. 05-CV-72353, 2006 U.S. Dist. LEXIS 96887, *17 (E.D. Mich. Feb. 2, 2006) (Komives, M.J.)[1], "'[t]he trend among state and federal courts is to allow the properly safeguarded use of video proceedings, provided there is no violation of some specific constitutional right.'" (quoting *Commonwealth v. Ingram*, 46 S.W.3d 569, 571 (Ky. 2001)). State and federal courts have used videoconferencing "in a wide array of proceedings, including: arraignments … hearings for the psychiatric hospitalization of prisoners under 18 U.S.C. §§ 4245 and 4246[,]" etc. *Terrell*, 2006 U.S. Dist. LEXIS 96887, *17

---

[1] Reversed in a *habeas* case in the parole board context, which, unlike here, required interpretation of the phrase "shall be allowed to appear" in a now abrogated statute, 18 U.S.C. 4208(e). In a post sentencing parole hearing, length and type of *punishment* are obviously at stake. *See Terrell v. United States*, 2007 U.S. Dist. LEXIS 72993 (E.D. Mich. 2007), *aff'd* 564 F.3d 442 (6th Cir. 2009).

8

(internal citations omitted, and collecting cases). More recently, and with advances in technology both before and after the COVID-19 pandemic, such technology for competency hearings has been used across this Circuit. *See, e.g., United States v. Witt*, No. 12-CR-47, 2012 U.S. Dist. LEXIS 143203, *3-4 (E.D. K.Y. Jul. 27, 2012), *United States v. Partin*, No. 21-CR-58, 2022 U.S. Dist. LEXIS 212497, *1 (E.D. Tenn. 2022).[2]

Finally, a competency hearing under § 4247(d) is more akin to a civil commitment hearing than a criminal one, even though it takes place during the pendency and in the context of an ongoing criminal prosecution. This is so because the questions before the Court are whether the defendant can understand the charges and assist in his defense so that the prosecution may *resume*, and whether, if found incompetent, he should be committed to the custody of the Bureau of Prisons for treatment to restore competency. The hearing is not for establishing guilt or for punishment. Indeed, "A finding by the court that the defendant is mentally competent to stand trial shall not prejudice the defendant in raising the

---

[2] Even 25 years ago, in a case where the First Circuit remedied the complete exclusion of the defendant at his § 4245 hearing by requiring either an in-court or in-prison proceeding, as videoconferencing facilities were only going to be operational by the "end of this year[,]" the court left "for another day" the question of "[w]hether such videoconferences suffice for all or some of § 4245 hearings[.]" *United States v. Frierson*, 208 F.3d 282, 286, n. 7 (1st Cir. 2000).

issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence in a trial for the offense charged." 18 U.S.C. § 4241(f). "As compared to the goal of a criminal trial, the goal of a commitment hearing is far different: whether the respondent is mentally competent." *United States v. Baker*, 45 F.3d 837, 844 (4th Cir. 1995) (citing *Vitek v. Jones*, 445 U.S. 480, 495 (1980) ("We recognize that the inquiry involved in determining whether or not to transfer an inmate to a mental hospital for treatment involves a question that is essentially medical.")) Moreover, the statutory language requires that, "If, after the hearing, the court finds *by a preponderance of the evidence* that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 USCS § 4241(d) (emphasis added). *See Baker*, 45 F.3d at 844 ("Were the fact that a commitment hearing is civil in nature merely a 'theoretical' distinction, then that fact would not justify, as it does, the lower standard of proof in a commitment proceeding." (citing *Heller v. Doe*, 113 S.Ct. 2637 at 2645 (1998)). Notably, in a § 4247 hearing, "determination is made by the court and is based primarily upon the opinions of experts proffered by the government and the respondent" and the

judge's "impression of the respondent is not generally the factor upon which a commitment decision turns. Rather, the judge is more likely to be swayed by documentary and testimonial evidence of the respondent's mental competency. This is true in a civil commitment hearing as opposed to a criminal trial because, as discussed above, a commitment hearing is not so concerned with factfinding as is a criminal trial." *Baker*, 45 F.3d at 845. While the defendant is still entitled to due process in this context, *Vitek*, 445 U.S. at 495, in the case at bar, the Court is convinced that adequate safeguards are established by the procedures annunciated within this order, including the procedures outlined below.

Notwithstanding the Court's ruling today, if circumstances should change between now and the competency hearing, the Court *may* order the hearing to occur in person. Defendant's housing and transport are in the control of the Marshals Service, and it is possible he will be transported back to the Detroit area between now and the hearing. If that happens, consideration will be given to the technical capabilities of his custodial facility in Michigan for remote proceedings. Moreover, after reading the competency report, and consulting with the Marshals Service, the Court may determine an in-person hearing would be more appropriate than a virtual hearing.

## B. Procedures to assure right to confer with counsel

At the February 14, 2025 status conference, the Court inquired as to defense counsel's efforts to confer with his client while undergoing his psychiatric or psychological evaluation. Defendant's counsel reported that, despite several attempts to reach his client by phone and leaving messages with the facility where he is being evaluated, counsel has been unable to make contact. The Court offered its assistance by way of court order. Hence, the Court **HEREBY ORDERS** the Warden at whichever facility is then housing Defendant to make him available to speak with his attorney, preferably by videoconferencing, but otherwise by telephone, within **three business days** of the receipt of this order, transmitted by reasonably reliable means. The attorneys on this case shall confer forthwith as to how this can be accomplished, and by whom, in the most efficacious manner.

The Court also wishes to assure that Defendant has the ability to confer with his counsel on the day of his competency hearing, both before and during the hearing itself. To that end, the Court **HEREBY ORDERS** the Clerk of this Court to arrange such audio and video technology as will allow defense counsel to meet with his client in a private, virtual "break-out room" at least one hour before the hearing, during the hearing (as needed), and immediately after the videoconference hearing described herein.

It is **SO ORDERED**.

_____
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Dated:   February 25, 2025

13