UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CASE No. 2:24-mj-30456

-v-                                    HON. ANTHONY P. PATTI

JAMES NELSON HOLLOWAY,

        Defendant.

_____/

**ORDER TO COMMIT THE DEFENDANT TO RESTORE COMPETENCY**

      A criminal defendant is not competent to stand trial if Athe court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.@ 18 U.S.C. ' 4241(d). Upon review of the mental health evaluation from Kristen M. McDaniel, Psy.D., a forensic psychologist, and the findings contained therein, as well as the testimony given both by Dr. McDaniel and the defendant at the August 18, 2025 competency hearing, the Court finds by a preponderance of the evidence that "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" under 18 U.S.C. § 4241(d). To be competent, a defendant must have

"sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding C and . . . a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam).

A.      **Competency Hearing**

At the October 28, 2024 detention hearing, the Court developed "reasonable cause" under 18 U.S.C. § 4241 to believe that Defendant's competency may be at issue and ordered that he undergo a competency examination. (ECF No. 10; ECF No. 11, PageID.35; ECF No. 20, PageID.61-62.)

Following adjournments of competency hearings noticed for March 21, 2025, June 4, 2025, and August 13, 2025, the Court conducted a competency examination by video on August 18, 2025 pursuant to 18 U.S.C. " 4241 and 4247(d). Dr. McDaniel at the Federal Medical Center in Lexington, Kentucky, was the government's sole witness and testified by video. The defendant was also able to participate in the hearing via video from FCI Milan, where he is currently located, and exercised his right to testify and present evidence under 18 U.S.C. " 4247(d). The hearing was conducted in a manner consistent with that outlined in the Court's order addressing procedures for competency hearing. (ECF No. 20, PageID.64-71.)

B.  **Evidence**

During the August 18, 2025 hearing, Dr. McDaniel testified that, notwithstanding Defendant's refusal to be interviewed, she had sufficient information to provide a diagnosis. The government moved for the admission of Dr. McDaniel's report, which the Court admitted without objection from defense counsel.

The Court has fully reviewed Dr. McDaniel's forensic psychological report, which provides detail regarding, *inter alia*, her evaluation procedures, relevant background information, information from supplemental source (namely, an interview with Defendant's father), the evaluation course (in January 2025 and February 2025), clinical formulation and diagnostic impression, and abilities relevant to competence to proceed. In her testimony, Dr. McDaniel also noted her observance of the defendant and his behavior at three video hearings (or attempted hearings), including the August 18, 2025 hearing, and Defendant's multiple electronic communications while incarcerated, as detailed in her report. (*See* June 5, 2025 Text-Only Order and August 13, 2025 Minute Entry.) As to forensic issues addressing competence to proceed, Dr. McDaniel concluded that Mr. Holloway "has a mental illness, namely schizoaffective disorder, bipolar type[,]"

3

"presently has, at best, a rudimentary understanding of the legal system that is likely to be spoiled by his tangential speech[,]" "is [due to his mental illness] unable to make rational case-related decisions[,]" and "is not currently capable of assisting in his defense."  Dr. McDaniel further opined:  "Mr. Holloway is not presently competent to proceed due to uncontrolled symptoms of schizoaffective disorder, bipolar type."  As for the Defendant's prognosis regarding competency to proceed, Dr. McDaniel noted, *inter alia*:  "Until his condition is treated and stabilized, Mr. Holloway is expected to have considerable difficulty rationally understanding the proceedings against him and participating realistically in his defense.  Antipsychotic medications may be effective in reducing or eliminating his symptoms."

     Although defense counsel had planned to use Daniel M. Mayman, M.D. as an evaluator and possibly as a witness, after two attempts and adjournments requested and/or stipulated to by the defense, Defendant refused to meet with Dr. Mayman.  (*See* March 20, 2025 Minute Entry & June 5, 2025 Text-Only Order.)  Defense counsel, attorney Mark H. Magidson, provided this update by way of a May 4, 2025 letter to the Court from Dr. Mayman.

4

## C. Discussion

A criminal defendant cannot be tried unless he is mentally competent. *Godinez v Moran*, 509 U.S. 389, 396 (1993). A defendant found incompetent to stand trial must be Acommit[ted] . . . to the custody of the Attorney General . . . [to be] hospitalize[d] . . . for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.@ 18 U.S.C. ' 4241(d).

The Court concludes, as stated on the record from the bench, that Dr. McDaniel's testimony and report established, by a preponderance of the evidence, that the defendant is incompetent, as defined by 18 U.S.C. ' 4241(d), and there is a substantial possibility that in the foreseeable future he will attain the capacity to permit the proceedings to go forward, as described by Dr. McDaniel during her testimony. *See* 18 U.S.C. ' 4241(d)(1).

## D. Order

**IT IS ORDERED** that the defendant is committed to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that

5

in the foreseeable future, he will attain the capacity to permit the proceedings to go forward.

It is further **ORDERED** that the United States Marshal's Service shall transport the defendant to and from the Federal Medical Facility designated by the Bureau of Prisons for the purpose of confinement and treatment.

It is further **ORDERED** that the director of the facility in which the defendant is hospitalized shall report to the Court, no later than **Tuesday, December 16, 2025**, on the defendant's condition, specifically addressing whether the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.   If, in the opinion of the director or his or her designate, the defendant has not recovered, the Court will conduct a hearing to determine whether the defendant should be confined for an additional reasonable period of time until his mental condition is so improved that trial may proceed and that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward.

It is further **ORDERED** that when the director of the facility in which the defendant is hospitalized determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings

against him and to assist properly in his defense, that the director shall promptly file a certificate to that effect with the clerk of this Court. The Court will then conduct a second hearing under 18 U.S.C. ' 4247(d) to determine the competency of the defendant.

It is further **ORDERED** that the period beginning on October 28, 2024 (*see* ECF No. 11), and ending with the conclusion of the competency proceedings held under 18 U.S.C. '' 4241 and 4247, is deemed excludable under the Speedy Trial Act pursuant to 18 U.S.C. '' 3161(h)(1)(F) and (h)(1)(A) and shall not be counted against the 30-day time limit established for bringing forth an indictment or information against the defendant.

**IT IS SO ORDERED.**

_____
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Dated:  August 19, 2025