# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: May 20, 2026

Mr. Mark Henry Magidson
615 Griswold Street
Detroit, MI 48226-0000

Mr. Louis Frederick Meizlish
Office of the U.S. Attorney
Eastern District of Michigan
211 W. Fort Street
Suite 2001
Detroit, MI 48226

    Re: Case No. 25-1887, *USA v. James Holloway*
        Originating Case No. 2:24-mj-30456-1

Dear Counsel,

    The Court issued the enclosed opinion today in this case.

    Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                        Sincerely yours,

                        s/Cathryn Lovely
                        Opinions Deputy

cc: Ms. Kinikia D. Essix


Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0225n.06

Case No. 25-1887

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>JAMES NELSON HOLLOWAY,<br><br>    Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>OPINION</td></tr>
</table>

> **FILED**
> May 20, 2026
> KELLY L. STEPHENS, Clerk

Before: BATCHELDER, GRIFFIN, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** James Holloway faces a couple of federal criminal charges. The district court declared him incompetent to stand trial and ordered his temporary hospitalization. Holloway then filed a pro se notice of appeal. But as the government points out, he filed it too late. We thus dismiss his untimely appeal.

**I.**

James Holloway emailed the U.S. Attorney's Office, threatening to shoot a federal magistrate judge. The government filed a criminal complaint charging Holloway with interstate communication of a threat and threatening to injure a federal judge, in violation of 18 U.S.C. §§ 875(c), 115.

After Holloway was arrested, he behaved erratically at his pretrial detention hearing. His disruptive behavior prompted the magistrate judge to order the Bureau of Prisons (BOP) to evaluate his competency to stand trial. The BOP assigned Dr. Kristen McDaniel to assess him.

No. 25-1887, *United States v. Holloway*

Dr. McDaniel testified to her opinion at a competency hearing. Dr. McDaniel diagnosed Holloway with bipolar-type schizoaffective disorder and concluded that this disorder impaired Holloway's ability to understand the legal proceedings against him and assist in his defense. After considering the evidence, the magistrate judge declared Holloway incompetent to stand trial under 18 U.S.C. § 4241(d) and ordered his temporary hospitalization for mental-health treatment.

The magistrate judge entered the commitment order on August 19, 2025. Holloway mailed his pro se notice of appeal on September 26, and the district court filed it on October 1. While we ordinarily do not accept pro se filings from criminal defendants when they are represented by counsel, as was the case with Holloway's pro se notice of appeal here, in this instance we allowed the filing because we determined that, "generously construed," it sought to remove "his appointed counsel and to appoint new counsel." D. 32 at p.1.

## II.

Federal Rule of Appellate Procedure 4(b) sets the timeline to appeal an order in a criminal case. A criminal defendant must file his notice of appeal within fourteen days after the district court enters its order. Fed. R. App. P. 4(b)(1)(A)(i). An incarcerated defendant's notice is considered filed on the date he mails it if, as relevant here, the envelope is accompanied by a postmark or stamp corroborating that date. Fed. R. App. P. 4(c)(1)(A)(ii).

Rule 4(b)'s fourteen-day appeal deadline is a claims-processing rule, not a jurisdictional requirement. *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (order) (per curiam). The government can challenge the timeliness of a defendant's notice of appeal by motion or in its brief. *United States v. Jackson*, 995 F.3d 476, 482 (6th Cir. 2021). If the government does so and "is correct, we would be obliged to dismiss the appeal." *Id.*

- 2 -

No. 25-1887, *United States v. Holloway*

In its brief, the government argues that Holloway's appeal is untimely. Holloway, through counsel, admits as much. Indeed, Holloway's notice of appeal was due on September 2, but he filed it on September 26. Holloway never requested or obtained an extension of time from the district court within 30 days after the expiration of the appeal period. *See* Fed. R. App. P. 4(b)(4); *cf. United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020) (order). Nor does he argue that he could establish excusable neglect or good cause to justify any late filing. *See* Fed. R. App. P. 4(b)(4). Because the government raised the timeliness issue, we must enforce Rule 4(b)'s time limits. *See Gaytan-Garza*, 652 F.3d at 681.

### III.

For these reasons, we **DISMISS** Holloway's appeal and **DENY** his motion for a stay pending appeal as moot.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 25-1887

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

     v.

JAMES NELSON HOLLOWAY,

     Defendant - Appellant.

> **FILED**
> May 20, 2026
> KELLY L. STEPHENS, Clerk

Before:  BATCHELDER, GRIFFIN, and MATHIS, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the appeal is DISMISSED as untimely.

**ENTERED BY ORDER OF THE COURT**

_Kelly L. Stephens_

Kelly L. Stephens, Clerk