UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

Case No. 24-mj-30456

v.

MAG. ANTHONY P. PATTI

James Holloway,

Defendant.

---

**Defendant's Motion for a *Sell* Hearing to Decide Whether He Should Be Involuntarily Medicated to Restore His Competency**

Defendant moves this Honorable Court to hold a hearing in compliance with *Sell v. United States*, 539 U.S. 166, 123 S. Ct. 2174, 156 L. Ed. 2d 197 (2003), to determine if Defendant should be forced to receive involuntary medicinal treatment to restore his competency.

The government does not concur with the relief requested in this Motion. E.D. Mich. LR 7.1(a)(2)(A).

**Brief in Support of**

**Defendant's Motion for a *Sell* Hearing to Decide Whether He Should Be Involuntarily Medicated to Restore His Competency**

This Court found Defendant James Holloway incompetent to stand trial and ordered him to be treated and restored to competence. (Order, ECF No. 47, PageID.172-174).

Holloway has always insisted that he is competent and has wanted to represent himself at trial. (Det. Hrg. Trans., ECF No. 56, PageID.321–324; and Comp. Hrg. Trans., R. 54, PageID.237-243).

Holloway has also always refused any psychological treatment or medication expert after the Court found reasonable cause to believe Holloway was incompetent and ordered him committed for a mental health exam. (Order, ECF No. 11, PageID.35-37; and Comp. Hrg. Trans., ECF No. 54, PageID.235-236).

Holloway filed an interlocutory appeal to challenging his involuntary treatment and this Court's Order committing him to the custody of the Attorney General for treatment.

Holloway moved this Court for a stay of proceedings pending appeal (Motion, ECF No. 67), but the Court denied the motion. (Order, ECF No. 69, PageID.378–379).

The Court stated the following reason, in part, for denying a stay:

> [T]his Court has not ordered forced medication, only treatment. In a recent status conference, **all counsel agreed that before forced medication could be ordered, additional court proceedings would be required**. [Order, ECF No. 69, PageID.378–379) (emphasis added) (citations omitted).]

This Court committed Holloway for treatment under 18 U.S.C. § 4241, which provides in relevant part as follows:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) **for such a reasonable period of time, not to exceed four months**, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) **for an additional reasonable period of time until**—
>
>> (A) his mental condition is so improved that trial may proceed, **if the court finds** that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law; whichever is earlier.
>
> **If, at the end of the time period specified, it is determined** that the defendant's mental condition has not so improved as to permit the proceedings to go forward, **the defendant is subject to the provisions of sections 4246** and 4248. [18 U.S.C. § 4241(d)(1), (2)(A)–(B) (emphasis added).]

Section 4246 provides in relevant part as follows:

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons … who has been committed to the custody of the Attorney General pursuant to section 4241(d), … is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. … **The court shall order a hearing** to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. [18 U.S. Code § 4246(a) (emphasis added).]

"The hearing shall be conducted pursuant to the provisions of section 4247(d)." 18 U.S.C. § 4246(c). "At a hearing ordered pursuant to this chapter the person … shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d).

Holloway has not physically resisted medicinal treatment, but he has submitted to it involuntarily. The psychiatric doctors at his facility believe that he will benefit from forced medicinal treatment. Holloway objects to being forced to taking the psychotropic drugs prescribed and demands a hearing under *Sell*.

In *United States v. Witcher*, No. 2:23-cr-20056, 2025 U.S. Dist. LEXIS 138746, pp. 1–2 (W.D. Tenn. July 21, 2025), the government filed a motion

to determine the appropriateness of involuntary treatment to restore the defendant's competency. The district court held a *Sell* hearing to determine if the defendant met the criteria for involuntary treatment to restore competency. *Id.*

In *United States v. Berry*, No. 15-cr-20743, 2019 U.S. Dist. LEXIS 226814, pp. 3-4 (E.D. Mich. Dec. 17, 2019) (Hon. Lawson), federal prison evaluators examining the defendant reported that he remained incompetent to stand trial, and that he would benefit from anti-psychotic medication. *Id.* However, the defendant refused treatment. *Id.* The district court ordered the parties to submit briefs before holding a *Sell* hearing to determine if involuntary treatment was necessary. *Id.*

In *United States v. Zaki*, No. 14-cr-20281-8, 2016 U.S. Dist. LEXIS 78946, p. 8 (E.D. Mich. June 17, 2016), the district court held a *Sell* hearing under the same circumstances involved in this case.

Holloway has a significant constitutionally protected liberty interest in avoiding the administration of antipsychotic drugs. *Sell v. United States*, 539 U.S. 166, 178, 123 S. Ct. 2174, 156 L. Ed. 2d 197 (2003). "The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." *Washington v. Harper*, 494 U.S. 210, 229, 110 S. Ct. 1028 (1990).

However, "the Constitution allows the Government to forcibly medicate a mentally ill criminal defendant who is not a danger to himself or others in order to render that defendant competent to stand trial for serious crimes." *United States v. Grigsby*, 712 F.3d 964, 969 (6th Cir. 2013) (citation omitted). Due process allows for involuntary medication of persons awaiting trial if medical professionals determine the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest. *Id.* (citations omitted).

To satisfy Due Process requirements, the government must present clear and convincing evidence of four factors: (1) the existence of an important governmental interest; (2) that involuntary medication will significantly further the government interest; (3) that involuntary medication is necessary to further the governmental interest; and (4) that administration of the drugs is medically appropriate for the individual defendant. *Sell*, 539 U.S. at 180-81 (citations omitted).

First, prosecuting Holloway for allegedly threatening the President may be an important governmental interest; however, the defense argues that Holloway never made a "true threat." He had no prior record of violence, and he has always cooperated, even involuntarily, with law enforcement and psychiatric treatment providers. Dismissing this case because of Holoway's

mental illness would not open the floodgates to legitimate threats to every future President.

Second, involuntary medication will not significantly further the government's interest in prosecution. This Court "must find that administration of the drugs is substantially likely to render the defendant competent to stand trial. *Id.* at 181. Also, this Court "must find that administration of the drugs is substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense, thereby rendering the trial unfair." *Id.*

Holloway has become subdued and much less communitive with defense counsel since his forced psychiatric medicinal treatment. He has continued to assert his rights, but he appears to be in a lethargic state that interferes with his assistance of counsel.

Third, this Court "must find that any alternative, less intrusive treatments are unlikely to achieve substantially the same results." (citation omitted). *Id.* Also, this Court "must consider less intrusive means for administering the drugs, e.g., a court order to the defendant backed by the contempt power, before considering more intrusive methods." *Id.*

Holloway has responded to psychological therapy. His time in custody has changed his attitude towards interacting with his treatment providers. He

has not had the extreme emergency episodes that required involuntary treatment in the past.

Finally, this Court "must conclude that administration of the drugs is medically appropriate, i.e., in the patient's best medical interest in light of his medical condition." *Id.* (*E.g.*, *Bee v. Greaves*, 744 F.2d 1387, 1394 (10th Cir. 1984) ("Antipsychotic drugs have the capacity to severely and even permanently affect an individual's ability to think and communicate.") (citation omitted).

The U.S. Supreme Court summarized its concern with the significant liberty interest infringed by a court's decision to force a defendant to take medication with the following statement:

> Why is it medically appropriate forcibly to administer antipsychotic drugs to an individual who (1) is not dangerous and (2) is competent to make up his own mind about treatment? Can bringing such an individual to trial alone justify in whole (or at least in significant part) administration of a drug that may have adverse side effects, including side effects that may to some extent impair a defense at trial? [*Sell*, 539 U.S. at 183.]

WHEREFORE, Defendant moves this Honorable Court to hold a *Sell* hearing to determine if Defendant should be forced to receive involuntary medicinal treatment.

Respectfully submitted,

/s/ *Mark H. Magidson*

MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg.
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

Dated: June 15, 2026

**Certificate of Service**

I certify that on June 15, 2026, the above Motion was filed with the Clerk of the Court using the CM/ECF system, which served the document(s) to the parties of record.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant