**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMES NELSON HOLLOWAY,

      Defendants.

Case No. 2:24-mj-30456
Magistrate Judge Anthony P. Patti

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A**
**SELL HEARING (ECF NO. 91) AND CONTINUING HOSPITALIZATION**
**FOR COMPETENCY RESTORATION TREATMENT FOR FOUR**
**MONTHS**

**I.     BACKGROUND**

On August 19, 2025, the Court issued an order finding that Defendant James

Nelson Holloway was not competent to stand trial pursuant 18 U.S.C. § 4241(d).

The Court committed Defendant to the custody of the Attorney General for

hospitalization for treatment in a suitable facility.  (ECF No. 47, PageID.172-173.)

Due to capacity limitations at the treatment facilities, Defendant was not admitted

for treatment until January 14, 2026, at which time he began treatment to restore

competency.  (ECF No. 97, PageID.592.)

The Court has held periodic status conferences since August 2025 to monitor

the progress of Defendant's hospitalization and other issues that have arisen from

time to time.  Defendant has filed various *pro se* appeals, none of which have been successful.

On April 23, 2026, the Court issued an Opinion and Order which, among other things, denied Defendant's "Emergency Renewed Motion for Stay Pending Appeal."  (ECF No. 87.)  The Opinion and Order set forth the background for the issues currently before the Court.  In sum, the Court had been informed "by a letter received from forensic psychologist Diana Hamilton, Psych. D., that the psychiatric staff at the federal BOP facility in which he is being treated determined that immediate treatment with psychotropic medication was necessitated by three separate incidents 'in rapid succession' in which Defendant threatened staff with bodily harm, including threats to kill."  (ECF No. 87, PageID.447.)  Defendant was "determined to be 'at immediate risk for harming others due to poorly managed psychotic symptoms' and consequently 'referred [by psychiatry staff] for emergency treatment with psychiatric medication[,]' pursuant to 'CFR, Title 28, Chapter V, Subchapter C, §549.46(b)(1)[.]'" (*Id*. (citing ECF No. 76, PageID.415).)

Defendant had moved to stay the case pending appeal so he could raise due process concerns to being involuntarily medicated, but the Court denied the motion, explaining the distinction between medication to restore competency, which requires a *Sell* hearing, and medication for psychiatric emergencies, which

2

does not require a *Sell* hearing.  (ECF No. 87, PageID.449, *citing Sell v. United States,* 539 U.S. 166, 180-183 (2003).)  In this case, the Court held, Defendant had received involuntary medication *not to restore competency*, but instead because he had been determined "to be immanently dangerous to [himself], imminently dangerous to others, or gravely disabled after a due process hearing."  (ECF No. 87, PageID.448.)  For psychiatric emergencies, the Supreme Court in *Washington v. Harper*, 494 U.S. 210, 227 (1990) held that "the Due Process Clause allows the State to 'treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest.'"  (ECF No. 87, PageID.450.)

The Court found that Defendant in this case had "been afforded a *Harper* due process hearing, consistent with 28 C.F.R. § 549.43."  (ECF No. 87, PageID.452.)  The Court further found that "there are no present actions being taken to restore competency through involuntary medication," and that the medication that had been administered to Defendant was not to restore competency but instead pursuant to *Harper* and 28 C.F.R. § 549.46(a) because the federal BOP facility found him to be a danger to himself or to others.  (ECF No. 87, PageID.450-453.)  The Court stated, "The Court is satisfied that the BOP treatment facility has acted within its authority and provided the requisite due process at this juncture. Defendant is not entitled to a *Sell* hearing at this time, as there has been

3

no move toward forced medication 'for the sole purpose of restoring [Holloway's] competency to stand trial.' 28 CFR §549.46(b)(2)."  (ECF No. 87, PageID.453.)

## II.   ORDER DENYING DEFENDANT'S MOTION FOR A SELL HEARING

On June 15, 2026, Defendant filed a "Motion for a Sell Hearing to Decide Whether [Defendant] Should be Involuntarily Medicated to Restore his Competency."  (ECF No. 91.)  Defendant asserts, "Holloway has not physically resisted medicinal treatment, but he has submitted to it involuntarily.  The psychiatric doctors at his facility believe that he will benefit from forced medicinal treatment.  Holloway objects to being forced to tak[e] the psychotropic drugs prescribed and demands a hearing under *Sell*."  (ECF No. 91, PageID.472.)

The Court rejects the premise of Defendant's motion.  The Government asserts in its response brief: "The government at present is not seeking involuntary medication to restore Holloway's competency."  (ECF No. 97, PageID.591.)  And, at this point, the Court has not ordered involuntary medication to restore Defendant's competency.  Indeed, I have already found in my April 23, 2026, Opinion and Order that Defendant is *not* being administered drugs to restore competency, but instead he has been administered drugs because he was assessed to be a danger to himself or others.  (ECF No. 87.)  Because neither the Government nor the Court has not sought to restore competency through involuntary medication, Defendant is simply not entitled to a *Sell* hearing.  *United*

4

*States v. Green*, 532 F.3d 538, 545 n.5 (6th Cir. 2008) ("The *Sell* standard applies when the forced medication is requested to restore competency to a pretrial detainee and the pretrial detainee is not a danger to himself or others. When the pretrial detainee is a potential danger to himself or others, the *Harper* standard is used.") (citing *Sell,* 539 U.S. at 185).  None of the reports before the Court indicate that competency is being restored through involuntary medication. The Court has already ruled on this issue, and Defendant provides no basis to revisit this issue.

As such, Defendant's motion for a *Sell* hearing (ECF No. 91) is **DENIED.**

### III.    ORDER CONTINUING HOSPITALIZATION FOR COMPETENCY RESTORATION TREATMENT

As noted above, in my August 19, 2025 Order, I committed Defendant to the custody of the Attorney General for the purpose of restoring competency. Consistent with the language of the statute, I held that "[t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward."  (ECF No. 47, PageID.173.)

The four-month period has concluded and the Government has submitted the Forensic Psychological Report of Dr. Diana Hamilton, which documents the treatment period of January 14, 2026 – May 14, 2026.  (ECF No. 94.)  Based on the findings and evaluation found therein, the Court finds there is a "substantial

probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2)(A). The Court bases this determination on the May 28, 2026 report (ECF No. 94), and does not require a hearing to make further findings. In contrast to the hearing required to obtain a discharge under 18 U.S.C. § 4241(e), the provision to extend hospitalization does not require a hearing. 18 U.S.C. § 4241(d)(2)(A).

Accordingly, the Court **HEREBY ORDERS** a four-month extension (until **September 14, 2026**) to Defendant's hospitalization to restore competency.

As stated in the Court's prior order (ECF No. 47, PageID.174), it is further **ORDERED** that the period beginning on October 28, 2024 (*see* ECF No. 11), and ending with the conclusion of the competency proceedings held under 18 U.S.C. §§ 4241 and 4247, is deemed excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(A) and shall not be counted against the 30-day time limit established for bringing forth an indictment or information against the defendant.

**IT IS SO ORDERED.**

Dated: June 24, 2026    s/Anthony P. Patti
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE